SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  ERIE

---

SAMAN CHUBINEH,

　　　　　　　　　　　　Plaintiff(s),

　　　　-against-

ENHANCED RECOVERY COMPANY, LLC,

　　　　　　　　　　　　Defendant(s).

---

Index No. _____

**Summons**

Date Index No. Purchased:  November 12, 2014

To the above named Defendant(s)

Enhanced Recovery Company, LLV
8014 Bayberry Road
Jacksonville, FL 32256

　　　　You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

　　　　The basis of venue is  plaintiff's residence
which is  80 Glendon Place, Unit A, Williamsville, New York 14221

Dated:  Getzville, New York
　　　　November 12, 2014

　　　　　　　　　　　　Law Office of Cyrus B. Chubineh

　　　　　　　　　　　　by  s/Cyrus B. Chubineh
　　　　　　　　　　　　　　Cyrus B. Chubineh, Esq.
　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　Saman Chubineh
　　　　　　　　　　　　2655 Millersport Hwy. #714
　　　　　　　　　　　　Getzville, New York 14068

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
------------------------------------------------------------------
SAMAN CHUBINEH,

            Plaintiff,                    Index Number:

    v.

                                          Complaint

ENHANCED RECOVERY COMPANY, LLC,

            Defendant.
------------------------------------------------------------------

## INTRODUCTION

1.     Plaintiff Saman Chubineh brings this action for statutory damages resulting from defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA is a law prohibiting the unfair collection of consumer debts.

## PARTIES

2.     Plaintiff Saman Chubineh (hereinafter "Chubineh") is a natural person residing in the County of Erie, State of New York.

3.     Defendant Enhanced Recovery Company, LLC (hereinafter "ERC") is a foreign limited liability company authorized to business in the State of New York, organized and existing under the laws of the State of Delaware, with its headquarters at 8014 Bayberry Road, Jacksonville, Florida 32256.

4.     ERS regularly attempts to collect debts asserted to be due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.     Any and all acts of ERC hereinafter alleged were performed by ERC's employees while under the scope of the ERC's actual or apparent authority.

6.     Any and all references to "ERS" or "defendant" herein shall include the defendant and/or an employee of the defendant.

**FACTUAL ALLEGATIONS**

7. Upon information and belief, prior to November 7, 2013, ERS was hired to collect from an unknown third party, David Rios, an alleged debt. Said debt will hereinafter be referred to as "the subject debt".

8. Upon information and belief, the subject debt is an alleged obligation of David Rios to pay money for transactions primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or about November 7, 2013, ERS contacted Chubineh by telephone (hereinafter "Call 1") and left a voicemail message on Chubineh's voicemail box.

10. Said message reads substantially as follows:

> "Hello. This message is for David Rios. If you are not this person, please delete this message as it is not for you. This is Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-496-4599 or visit www.payerc.com and provide the following reference number: 74040905."

11. During Call 1, the individual who left the voicemail message failed to identify his name.

12. On or about November 29, 2013, ERS contacted Chubineh by telephone (hereinafter "Call 2") and left a voicemail message on Chubineh's voicemail box.

13. Said message reads substantially as follows:

> "Hello. This message is for David Rios. If you are not this person, please delete this message as it is not for you. This is Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-656-9308 or visit www.payerc.com and provide the following reference number: 74040905."

14. During Call 2, the individual who left the voicemail message failed to identify his name.

2

15. On or about December 26, 2013, ERS contacted Chubineh by telephone (hereinafter "Call 3") and left a voicemail message on Chubineh's voicemail box.

16. Said message reads substantially as follows:

> "Hello. This message is for David Rios. If you are not this person, please delete this message as it is not for you. This is Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-725-6518 or visit www.payerc.com and provide the following reference number: 74040905."

17. During Call 3, the individual who left the voicemail message failed to identify his name.

18. ERS directly and indirectly conveyed information regarding the subject debt in Calls 1, 2, and 3 and they are therefore each a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

## CAUSE OF ACTION: VIOLATIONS OF THE FDCPA

19. The aforementioned acts of ERS violated the FDCPA as follows:

20. ERS violated 15 U.S.C. § 1692(d)(6) in Calls 1, 2, and 3 by failing to identify the name of the individual who left the voicemail messages on Chubineh's voicemail box.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully request this court grant the following relief:

a) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b) Costs and disbursements of this action along with reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c) Any and all additional relief as this court deems just and proper.

Dated: Getzville, New York
November 12, 2014

s/Cyrus B. Chubineh
Cyrus B. Chubineh, Esq.
Attorney for Plaintiff
2655 Millersport Hwy. #714
Getzville, NY 14068
Tel: (716) 864-0715

4